UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DAVID IRIZARRY and
KELLY SUE IRIZARRY,

    Plaintiffs,                                        Case No.:   6:22-cv-1488

v.

SELENE FINANCE, L.P.,

    Defendant.
_____     /

**COMPLAINT FOR DAMAGES**
**AND DEMAND FOR A JURY TRIAL**

The Plaintiffs, DAVID IRIZARRY and KELLY SUE IRIZARRY hereinafter "Plaintiffs" or the "Irizarrys"), are individuals and file this complaint against the Defendant, SELENE FINANCE, L.P (hereinafter "SELENE") and alleges:

1. The Plaintiffs bring this action for the illegal practices of the Defendant which include the use of false or deceptive practices in attempting to collect an alleged debt.

2. The Plaintiffs allege that the Defendant have violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. The Plaintiffs request the practices of Defendant described below be declared to violate the FDCPA

and that they be awarded statutory damages and actual damages payable by the Defendant.

## JURISIDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. §1331 and 15 U.S.C. § l692k(d) (Fair Debt Collection Practices Act).

4. Venue in this District is proper because the pertinent events took place here.

5. Declaratory relief is requested pursuant to 28 U.S.C. §§2201 and 2202.

## PARTIES

6. The Plaintiffs are individuals, *sui juris*, who resides in Orange County, Florida.

7. The Plaintiffs are "consumer(s)" as that term is defined by 15 U.S.C. § 1692a(3) and are persons with standing to bring a claim under the FDCPA by virtue of being directly affected by a violations of the Act, to wit: the Plaintiffs have been subjected to the Defendant's illegal debt collections activity including the Defendant's failure to indicate that the mortgage statements are communications from a debt collector in violation of § 1692(e)(11); violating the Plaintiffs' right not to be contacted by the debt collector in violation of 1692(c)(a)() prohibits communications to consumers from debt collectors when they know the consumer is represented by an attorney; subjecting the Plaintiffs to debt collection attempts to

collect of late fees not expressly authorized by the mortgage or promissory note in violation of 1692(f)(1); and the Defendant's use of written communications that simulates Fannie Mae Uniform loan modification instruments in an attempt to collect a debt in violation of 1692(e)(9).

8. Selene is a Delaware limited partnership registered to do business in the State of Florida.

9. Selene is a registered debt collector in the State of Florida.

10. The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), to wit: the Defendant used the mail in a business the principal purpose of which was to collect debt; regularly attempts to collect debts owed or due to another; or attempted to collect a debt that was already in default when it acquired the debt.

11. The Defendant is a "debt collector(s)" because the debt was in default when acquired by the Defendant. *See e.g. Scholosser v. Fairbanks Capital Corp.*, 323 F.3d 534, 536 (7th Cir. 2003) ("[T]he Act treats assignees as debt collectors if the debt sought to be collected was in default when acquired by the assignee ... ").

**FACTUAL ALLEGATIONS**

12. On or about December 20, 2019, the Irrizarys became the owner of real property located in Orlando, Florida with a property address of 3912 Bellthorn Drive, Orlando, Florida 32837 by delivering a mortgage and promissory note to Embrace Home Loans, Inc. whose address is 25 Enterprise Center, Middletown, RI

02842.

13. On or about May 3, 2021, Rushmore Loan Management Service, Inc. notified the Irizarrys that their mortgage loan was in default. *See* Exhibit A.

14. The Irizarrys' account was referred from Rushmore Loan Management Service, Inc. to Selene on or about May 5, 2021. *See* Exhibit B.

15. On or about June 30, 2021, the Irizarrys' notified Selene that are represented by the undersigned's law firm. *See* Exhibit C.

16. Even though Selene knew the Irizarrys were represented by an attorney, Selene continued to contact the Irizarrys directly by causing monthly mortgage statements to be mailed to their home and leaving voice messages on Mr. Irizarry's cell phone in which the latest voicemail message was left on July 20, 2022.

17. The mortgage statements mailed to the Irizarrys in an attempt to collect a debt. A copy of a mortgage statements mailed to the Irizarrys is attached hereto as Comp. Exhibit D.

18. The mortgage statement dated 11/16/2021, mailed directly to the Plaintiffs provided:

> As a result of the failure to cure the default, Selene has elected to accelerate the maturity date of the Note and all sums secured by the Security Instrument.

19. Said mortgage statement also provided:

> If payment is received after 12/16/21, a maximum of $117.05 late fee may be charged.

20. After making three (3) trial payments, on or about February 23, 2022, Selene informed the Irizarrys that they were approved for a loan modification to become current on their delinquent mortgage payments.

21. On or about February 23, 2022, in an attempt to collect a debt, Selene sent a loan modification agreement, Fannie Mae Uniform Instrument – Form 3179, directly to the Irizarrys.

22. Before Form 3179, Selene attached a "Compliance Agreement" (Exhibit E) in the following form:

## COMPLIANCE AGREEMENT

In consideration of **SELENE FINANCE LP**, as attorney in fact for U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee for RCF 2 Acquisition Trust c/o U.S. Bank Trust National Association ("Lender") modifying the first lien mortgage loan (the "Loan"), in connection with the property located at **4912 BELLTHORN DR, ORLANDO, FL 32837** (the "Modification"), the undersigned ("Borrower") agrees, upon request of Lender, its successors or assigns ("Note Holder"), or upon request of any person acting on behalf of Note Holder, to fully cooperate with Note Holder or such person to correct any inaccurate term or provision of, mistake in, or omission from any document associated with the Modification. Borrower further agrees to execute such documents or take such action as Note Holder or such person acting on behalf of Note Holder reasonably may deem necessary (including without limitation the correction of any such inaccuracy, mistake, or omission) as will enable Note Holder to sell, convey, seek guaranty of, or market the Modification to any entity, including without limitation an investor, the Federal National Mortgage Association, the Government National Mortgage Association, the Federal Home Loan Mortgage Corporation, the Department of Housing and Urban Development, the Department of Veterans Affairs, or any bonding authority.

Borrower further agrees to comply with any such request within a reasonable period of time as specified by Note Holder or by such person acting on behalf of Note Holder. Failure to comply shall constitute default under the Note and Security Instrument underlying the Modification, and Note Holder may pursue its available remedies.

23. After the last page of Form 3179, Selene attached an "Addendum to Loan Modification Agreement" ("the Addendum") (Exhibit F). The Addendum provided in pertinent part:

**RECITALS:**

WHEREAS, Borrower and Lender entered into the Agreement;

WHEREAS, Borrower, on the same date of the Agreement, executed a Compliance Agreement, which obligated Borrower to fully cooperate with Lender to correct any inaccurate term or provision of, mistake in, or omission from any document associated with the Agreement;

WHEREAS, Lender has discovered an omission in the Agreement that was intended to be included as part of the express terms thereof relating to liability for attorneys' fees;

WHEREAS, Lender, under the terms and provisions as contemplated in the Compliance Agreement, has requested Borrower to execute this Addendum for the purposes of correcting the omission;

IT IS THEREFORE AGREED TO AS FOLLOWS:

1. The foregoing Recitals are true and correct and are hereby incorporated by this reference.
2. All terms of the Agreement that do not conflict with the terms of this Addendum shall remain in full force and effect.
3. Borrower agrees that Lender and Borrower shall each be responsible for their own attorneys' fees and costs arising from or otherwise related to any legal action associated with the Agreement.

24. On or about March 14, 2022, the Irizarrys executed Form 3179, and returned them Selene (Exhibit G). The Irizarry's excluded the Compliance Agreement and the Addendum. However, Selene has refused to finalize the Irizarry's loan modification.

25. The Compliance Agreement and the Addendum are false, deceptive, means to collect a debt from "least-sophisticated" consumers like the Irizarrys. For example:

   a. In order for the Irizarrys to be approved for a loan modification the Irizarrys are required to give the Selene or any future person authorized to enforce the note "carte blanche" in modifying the loan modification documents.

   b. The Addendum is false, misleading and deceptive because it mis-characterizes the attorney's fees provision as an "omission" that was "intended" to

be included as part of the standardized Fannie Mae Uniform Instrument that is otherwise non-modifiable.

      c.      The foregoing statement is false and misleading because a public records search in various counties in Florida reveals that Selene attached the exact same Compliance Agreement and Addendum to the standardized Fannie Mae Uniform Instrument in other loan modifications previously offered to consumers like the Irizarry's. In other words, Selene knew that that there was an "omission" on Form 3179 prior to sending the Irizarrys the loan modification packet; and said "omission" could have been inserted into Form 3179 if it were legal for Selene to do so. Since it is illegal for Selene to modify Form 3179, Selene concocted as scheme to where it would sandwich Form 3179 it between the Compliance Agreement and the Addendum making it to appear to the least sophisticated consumers, like the Irizarrys, that the Compliance Agreement and the Addendum were standardized forms that were necessary for the Irizarrys to execute to modify their mortgage and save their home.

      d.      The Addendum and Compliance agreement is false, misleading, and deceptive because it is adhesive as it forces the Irizarrys to give up a claims or defenses that it could not have otherwise lost in foreclosure litigation and their right to collect prevailing party attorney's fees in any action to enforce the note.

      e.      The Addendum and Compliance agreement is false, misleading, and

deceptive because they attempt to alter standardized loan documents that are non-modifiable.[1]

## COUNT I – VIOLATION OF FAIR DEBT COLLECTIONS PRACTICES ACT – 15 U.S.C. § 1692(e) 11

26. The Plaintiffs incorporate the foregoing paragraphs 1 – 17 by reference as if set forth fully herein.

27. By its actions, Selene used false, deceptive and/or misleading communications by mailing a mortgage statement to the Plaintiffs by failing to indicate that the mortgage statement was a communication from a debt collector in violation of § 1692(e)(11).

28. By mailing the mortgage statements directly to the Irizarry's, Selene deprived the Irizarry of the benefit of retaining counsel and triggered worry, stress and anxiety each time Selene mailed a mortgage statement to the Irizarrys.

29. Plaintiffs' injuries in fact are likely to be redressed by a favorable decision in this Court.

**WHEREFORE**, the Plaintiffs pray that:

---

[1] Because of their widespread use and their exceptionally fair terms, Fannie Mae/Freddie Mac uniform instruments provide a significant benefit to homeowners. Because the GSEs require the use of their forms for single- family loans that they buy and because they will not accept loans with modifications or additions to the uniform instruments, borrowers actually receive the benefits that consumer advocates negotiated when the uniform instruments were drafted. See Forrester, Julia Patterson, *Fannie Mae/Freddie Mac Instruments*, Missouri Law Review, Vol. 72, Iss. 4, Art. 5 (2007).

A judgment be entered against the Defendant, jointly and severally, for an award of statutory damages of $1,000.00 to each Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(A) for; an award of actual damages, and for an award of litigation costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); injunctive and declaratory relief regarding further collection attempts; and all other relief to which Plaintiffs are entitled.

### COUNT II - ACTION FOR VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA") 15 U.S.C. 1692e(10)

30. The Plaintiff incorporates paragraphs 1 - 17 by reference.

31. By definition the Act's Section 1692(c)(a)(2) prohibits communication with a debtor (the statute uses the term "consumer") such as the Irizarrys "…if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer."

32. Selene knew the Irizarrys were represented by an attorney when it mailed mortgage statements directly to the Plaintiffs and called Mr. Irizarry's cellphone.

33. The Irizarrys' attorney did not consent to direct communication with the Plaintiffs.

34. On August 5, 2021, the Irizarrys' attorney notified Selene that they were in violation of the FDCPA by contacting the Irizarrys directly, but Selene still continued to contact Selene directly. See Exhibit H.

35. The Irizarrys were thus deprived of the benefit of retaining counsel.

36. Defendant's above-described conduct has caused Plaintiff to incur actual damages including but not limited to attorneys' fees paid to his counsel, anxiety, frustration, and worry.

37. Further, Defendant's above-described conduct has caused Plaintiff to suffer the following additional injuries in fact:

  f. Plaintiff has been deprived of their statutorily created right to cease debt collection activities to be directed directly to them and communication to cease upon provision of the Plaintiffs' attorney's contact information to the Defendant.

38. The injuries in fact are fairly traceable to the challenged actions of Defendant in that Defendant directed debt collection activities directly to the Plaintiffs.

39. Plaintiff's injuries in fact are likely to be redressed by a favorable decision in this Court.

**WHEREFORE**, the Plaintiffs pray that:

A judgment be entered against the Defendant, jointly and severally, for an award of statutory damages of $1,000.00 to each Plaintiff pursuant to 15 U.S.C. §

1692k(a)(2)(A) for; an award of actual damages, and for an award of litigation costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); injunctive and declaratory relief regarding further collection attempts; and all other relief to which Plaintiffs are entitled.

### COUNT III - ACTION FOR VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA") 15 U.S.C. 1692f(1)

40. The Plaintiffs incorporate paragraphs 1 - 19 by reference.

41. By definition the Act's Section 1692(f)(1) (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

42. The 11/16/21 mortgage statement mailed to the Plaintiffs is an attempt to collect a debt not permitted by law or the agreement creating the debt.

43. Defendant's above-described conduct has caused Plaintiff to suffer the following additional injuries in fact:

    a. Plaintiffs have been deprived of truthful information as to whether they owed late fees because Defendant misrepresent that late a fee may be charged if a payment is not made.

44. The injuries in fact are fairly traceable to the challenged actions of Defendant mailing the mortgage statement directly to the Plaintiffs.

**WHEREFORE**, the Plaintiffs pray that:

A judgment be entered against the Defendant, jointly and severally, for an award of statutory damages of $1,000.00 to each Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(A) for; an award of actual damages, and for an award of litigation costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); injunctive and declaratory relief regarding further collection attempts; and all other relief to which Plaintiffs are entitled.

### COUNT IV - ACTION FOR VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA") 15 U.S.C. 1692e *et seq.*

45. The Plaintiffs incorporate paragraphs 1 – 17; 20 - 25 by reference.

46. By definition the Act's Section 1692(e), (9) "The use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States …"

47. The Defendant's use of the Compliance Agreement and the Addendum simulates the Fannie Mae/Freddie Mac uniform Loan Modification agreement as to make the Plaintiffs believe that that Compliance Agreement and the Addendum are authorized the FHA for loan modifications to induce the Plaintiffs to forego their right to attorneys' fees is subsequent action.

48. Defendant's above-described conduct has caused Plaintiffs to suffer an injury in fact in that the Plaintiffs have been denied a loan modification solely

because they would not agree to waive their rights to attorneys' fees.

49. The injuries in fact are fairly traceable to the challenged actions of the Defendant's use of written communications that simulate FHA loan modification documents to lead the Plaintiffs to believe that they were required to execute the Compliance Agreement and the Addendum as a requirement to be approved for a loan modification.

**WHEREFORE**, the Plaintiffs pray that:

A judgment be entered against the Defendant, jointly and severally, for an award of statutory damages of $1,000.00 to each Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(A) for; an award of actual damages, and for an award of litigation costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); injunctive and declaratory relief regarding further collection attempts; and all other relief to which Plaintiffs are entitled.

50. PLAINTIFFS HEREBY DEMAND TRIAL BY JURY THIS ACTION.

Dated this 21st day of August, 2022.

Respectfully submitted by,

/s/ Jason Brian Phillips, Esq.
_____

Jason Brian Phillips, Esq.
Florida Bar No: 89841
J. BRIAN PHILLIPS, P.A.
P.O. Box 621176

Orlando, FL 32862-1176
Tel. (407) 493-7183
jason@jbrianphillipsesq.com
TRIAL COUNSEL FOR THE PLAINTIFFS